## Equitable Life Assur. Soc. of the United States v. Snipes.

(Decided June 21, 1938.)

WM. MARSHALL BULLITT, EUGENE B. COCHRAN and BRUCE & BULLITT for appellant.

WHEELER & WHEELER for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Reversing.

The Equitable Life Assurance Society of the United States is appealing from a judgment recovered by Norman Snipes for $1,750.00 payable in 60 monthly installments of $31.71 each for total and presumably permanent disability sustained by him on August 19, 1934. Appellee's action was based on a group insurance policy issued by appellant to the Consolidation Coal Company for the benefit of the latter's employees.

The only grounds argued and relied on for reversal are in substance (1) that the lower court should have peremptorily instructed the jury to find for ap-

pellant because on August 1, 1932, the insurance against total and permanent disability terminated and appellee's disability began in August, 1934, and therefore he was not entitled to recover and (2) that the judgment is erroneous because it does not provide for cessation of installments in the event of appellee's recovery.

As revealed by the record the facts are that on June 20, 1929, appellant issued to the Consolidation Coal Company a group policy number 3028, insuring the lives of all the employees of the latter who had or should thereafter elect to become insured thereunder. The policy insured employees who so elected against (1) loss of life which should occur while in the employ of the Consolidation Coal Company and (2) in lieu of life insurance, total and presumably permanent disability which should commence while in the employ of such company. At the same time appellant issued to the Consolidation Coal Company a group accident and health policy, number 3029, which insured employees who had or should elect to become insured thereunder against temporary total disability from accident or sickness but that policy is not in controversy.

Appellee applied for insurance under group policy number 3028 and an individual certificate was issued to him on April 17, 1930, which certificate contained the provisions of the group policy relating to total and presumably permanent disability. In August, 1934, appellee fell from a truck or motor car and sustained injuries which he claims resulted in total and permanent disability. In August, 1935, he instituted this action to recover disability benefits under the group policy as provided therein and in his individual certificate, alleging that by reason of the injuries he sustained in August, 1934, and while he was still an employee of the Consolidation Coal Company and acting in the course of his employment he became and was totally and permanently disabled.

In addition to a traverse of the allegations of the petition appellant affirmatively alleged among other things that prior to the time appellee sustained his alleged injuries resulting in his disability the total and permanent disability provisions had been eliminated by agreement between it and the Consolidation Coal Company, as evidenced by a rider attached to the group

policy and at the time he sustained his alleged injuries such provision was not in effect.

The same group policy and a similar certificate issued to an employee of the Consolidation Coal Company were involved in the case of Equitable Life Assurance Society of United States v. Green, 259 Ky. 773, 83 S. W. (2d) 478. The issues made by pleading and the evidence introduced were for all practical purposes the same as in this case. That case is conclusive of the vital questions presented by this appeal, that is, whether the disability provision was in effect when appellee claims to have sustained the disability for which he seeks recovery.

In the opinion in that case it was said (page 480):

"It must be conceded that the rider to the policy eliminated 'the total and presumably permanent' disability provision as of August 1, 1932. * * * If he became totally and presumably permanently disabled after August 1, 1932, such disability was not covered by the total and presumably permanent provision of the policy. * * * Green was insured prior to August 1, 1932, against the disabilities that will be both total and presumably permanent, but was not so insured thereafter."

It follows from the holding in the Green Case that appellant's motion for a peremptory instruction should have been sustained.

Judgment reversed and cause remanded for proceedings consistent with this opinion.